No. 58274.—Empire Liquor Corp. et al. v. United States, protests 122331–K, etc. (New York).

Opinion by EKWALL, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

No. 58275.—Deauville Watch Corp. v. United States, protest 211868–K (New York).

Opinion by EKWALL, J. At the trial, plaintiff's secretary stated the claim to be that the appraisement of the watches in question was made by the appraiser, without an allowance for a 5 percent discount. In an attempt to comply with information obtained from the appraiser, the entry was amended, but the item of 5 percent discount was omitted. It is contended that this omission was cured by a notation on the amended sheet, submitted by plaintiff, reading "Amended as per appraiser's letter of 10/25/51," and that the appraiser should have allowed the discount, inasmuch as the letter referred to stated that such discount was allowable. The court held that the claims were not supported by the proof presented, the evidence showing that the increased duty was not due to the rate at which the currency was converted but was due to the failure of plaintiff to indicate that a 5 percent discount should have been deducted from the amended values. Inasmuch as the plaintiff failed to resort to its remedy by appeal to reappraisement, the collector was bound by the appraised value, which did not allow for a 5 percent discount (section 503 (c), in effect at the time of entry herein). On the record presented, the protest was overruled.

No. 58276.—W. J. Byrnes & Co. of N. Y., Inc. v. United States, protest 224201–K (New York).

Opinion by EKWALL, J. An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

JULY 13, 1954

No. 58277.—SUIT 4782.—Mattoon & Co., Inc., a/c Philip Senegram Co. v. United States.

C. D. 1525 reversed April 9, 1954. C. A. D. 563.